# 𝔚ytheville

GLENS FALLS INDEMNITY COMPANY v. RAY S. HARRIS.

June 10, 1937.

Present, All the Justices.

The opinion states the case.

*Caskie & Frost*, for the plaintiff in error.

*A. D. Barksdale*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by the plaintiff, Ray S. Harris, to recover of the defendant, Glens Falls Indemnity Company, the principal sum of $931.41, due, as set forth in the notice of motion for judgment, by reason of an accidental injury suffered by plaintiff, and covered by a contract of insurance issued to him by the defendant.

There was a trial by jury which resulted in a verdict and judgment for the plaintiff.

The policy issued by the defendant was an accident policy and provided for a weekly indemnity and for hospital expenses. The pertinent provisions of the policy are as follows:

"Glens Falls Indemnity Company of Glens Falls, New York In consideration of the premium of Twelve and 00/100 Dollars, and of the statements in the application for this policy, copy of which is endorsed hereon and made a part hereof, and *subject to all the provisions and limitations hereinafter contained and endorsed hereon,* does hereby insure Ray S. Harris * * * Against loss, as hereinafter defined resulting directly and independently of all other causes from accidental bodily injuries, being hereinafter referred to as 'such injury' * * *."

### "SCHEDULE II.

"Total Loss of Time. Or, if 'such injury' shall not result in any of the losses mentioned in Schedule I, but shall cause continuous total disability, and prevent the Insured *from date of accident,* from performing any and every duty pertaining to

his occupation the Company will pay him the weekly Accident indemnity above specified, for the period of such disability."

"Time of Notice of Claim. 4. Written notice of injury on which claim may be based *must* be given to the Company *within twenty days* after the date of the accident causing such injury."

"Sufficiency of Notice. 5. Such notice given by or in behalf of the insured or beneficiary as the case may be, to the Company at Glens Falls, New York, or to any authorized agent of the Company, with particulars sufficient to identify the Insured, shall be deemed to be notice to the company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice *and that notice was given as soon as was reasonably possible*."

The controlling facts are: On the afternoon of Friday, March 28, 1935, the plaintiff, a member of the Elks' Club in Lynchburg, was watching a card game in one of the rooms of the club. While so engaged, one of his friends, McHenry Peters, came into the room, walked up to plaintiff and "playfully caught him around the neck." The force used by Peters was of such a nature that plaintiff suffered bruises and contusions which resulted in carbuncles on the back of his neck and also in cellulitis, which finally caused a severe illness and necessitated a surgical operation. Immediately following his experience with Peters plaintiff felt some pain in the neck. On the following day he pursued his duties as deputy-auditor for the city of Lynchburg. In the afternoon he visited a friend in the country and exercised for a short period of time by using a roller on the lawn. While pushing the roller he experienced a stiffness in his neck. On Tuesday following the accident plaintiff consulted a physician and was then advised that the trouble with his neck was the result of his experience at the Elks' Club. Plaintiff continued to work, under difficulties, until his condition became so serious that he was taken to a hospital for treatment. He was confined to the hospital for several weeks and underwent three operations. During his

stay in the hospital plaintiff was at times irrational. On May 8th plaintiff was permitted to leave the hospital temporarily. Again, on May 9th, plaintiff was permitted to leave the hospital temporarily and he proceeded to his office in the bank building. While in his office plaintiff examined his policy of insurance and pursuant to a previous conversation with his physician, Dr. Adkerson, in regard to notifying the defendant of the accident he had suffered, he wrote a letter to Dr. Adkerson who had promised to give the defendant proper notice. That letter reads: "Lynchburg, Virginia, May 9th, 1935. Dr. C. W. Adkerson—Dear Doctor: On March 28th or 29th, while in the Elks' Club watching a Rummy game Mr. McHenry Peters in a playful mood walked up and grabbed me by the neck from behind. I tried to break his hold but could not do it, so asked him not to cut off my head,—not to cut my head off. So on Saturday evening, March 30th, my neck appeared to be stiff and on Sunday morning, March 31st, my neck was very stiff and I felt knots deep in my neck. This continued to get worse and I called at your office on April 1st and from this time on you are familiar with the case. Yours very truly, R. S. Harris."

Plaintiff stated that the reason he wrote Dr. Adkerson was that he was not familiar with the proper procedure in regard to giving defendant notice and relied upon his physician to take the matter up with the agent of defendant and do whatever was necessary in the premises. Doctor Adkerson failed to deliver the letter within the twenty-day period specified in the contract. The plaintiff was discharged from the hospital on June 14th and returned to work on July 8, 1935.

The defense relied upon by defendant, both in its motion to strike the evidence and in its motion to set aside the verdict as contrary to the law and the evidence, was that notice as required by the contract of insurance was not given.

The refusal of the court to sustain the motion to strike the evidence in the first instance and in overruling the motion to set aside the verdict is assigned as error.

There is no dispute that the notice required by the terms of the policy was not given within twenty days from the date

of the alleged accident. Plaintiff's reliance is upon this proviso in the policy: "Failure to give notice within the time provided in the policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as reasonably possible."

The first question upon this issue, then, is: Did the plaintiff give the required notice "as soon as was reasonably possible?" The second question is: Does the evidence present a question of law for the court or a question of fact to be determined by the jury? Counsel for both plaintiff and defendant contended that the question was one of law for the court. The trial court, however, was of opinion that the question should be submitted to the jury under proper instructions.

We concur in the conclusion that the question under the facts of this case was one to be determined by the jury. This view is in harmony with the decisions of this court.

In *Northwestern National Insurance Company* v. *Cohen*, 138 Va. 177, 184, 121 S. E. 507, 510, Judge Kelly quoted with approval from 19 A. L. R., p. 174, as follows:

" 'The provision in an automobile theft policy that in the event of loss the assured "shall forthwith give notice thereof in writing" is not unreasonable, in view of the fact that the insurer may desire to investigate the circumstances attending the loss or damage and take steps to repair the machine or recover it. The word "forthwith", as used in such a policy, does not mean instantly, but within a reasonable time, and unless the lapse of time is so long as to be obviously a noncompliance with the contract, then the question whether the notice was given within a reasonable time is for the jury, and it cannot be said as a matter of law that notice of the theft of the insured car was not given within a reasonable time, where written notice was given four days from the time the machine was stolen, and received by the company within five days.' Citing *Falls City Plumbing Supply Co.* v. *Potomac Insurance Co.*, 193 Ky. 734, 237 S. W. 376."

This doctrine was also approved in *Hunter* v. *Hollingsworth*, 165 Va. 583, 183 S. E. 508, 511.

In *Yanago* v. *Aetna Life Ins. Co.*, 164 Va. 258, 178 S. E.

904, 906, this is said: "Reasonable time and the necessity for prompt action in fair limits are jury questions."

In conformity with the view entertained by the court, this instruction was given:

"The Court instructs the jury that if you believe from the evidence that the plaintiff, Ray S. Harris, within twenty days of the time of his injury, became so ill as to necessitate hospitalization and several surgical operations, and that the plaintiff from time to time during this period was delirious, and that by reason of his condition it was not reasonably possible to give the preliminary notice to the insurance company within twenty days from date of injury as specified in the policy, and that the plaintiff gave such notice through his physician, Dr. W. C. Adkerson, as soon thereafter as it was reasonably possible, then such notice was sufficient, and the delay in giving the notice constitutes no defense to this action."

The instruction sets forth the theory of the plaintiff in regard to giving the required notice and is not, in our opinion, amenable to objection. However, when counsel for the defendant requested a counter-instruction setting forth defendant's theory on the subject, the court refused to grant it.

The instruction refused is as follows:

"The Court instructs the jury that the obligation to give notice as set out in Instruction A, was a personal obligation of the plaintiff, and if you believe from the evidence that he attempted by writing a letter on May 9th to give notice, and delivered that notice to Dr. Adkerson, his physician, for delivery to the agent of the Insurance Company, then the said Dr. Adkerson was the agent of the plaintiff, Harris, and any failure of the said Dr. Adkerson to deliver the notice was the failure of the plaintiff himself, and if you believe from the evidence that the notice did not reach the agent of the Insurance Company as soon as it was reasonably possible for the plaintiff to have given it, then the said notice was not given within the time provided by the policy, and you must find for the defendant."

In our opinion the instruction was a proper one and the refusal to give it constitutes reversible error.

■ It is also assigned as error that the court erred in refusing to set aside the verdict on the ground that plaintiff had not suffered an accident.

We are unable to concur in this contention, for the reason that the same is concluded by the ruling of this court in *Ocean Accident, etc., Corporation* v. *Glover*, 165 Va. 283, 182 S. E. 221.

■ ■ The last assignment of error is that the court erred in refusing to set aside the verdict for the reason that plaintiff failed to show total disability from the date of the accident.

In *Atlantic Life Ins. Co.* v. *Worley*, 161 Va. 951, 172 S. E. 168, 172, Justice Gregory stated the Virginia rule for the measure of total disability. There it is said:

"Total and permanent disability, as used in insurance policies, is a relative expression. It does not mean absolute incapacity, mental and physical. The term must be construed rationally and practically and the trial court should have instructed the jury on the meaning of total and permanent disability in the light of the almost unanimous judicial interpretation of those words. The jury should have been told that the disability contemplated by the policy did not mean a state of absolute helplessness, but meant the inability to do substantially all of the material acts necessary to the prosecution of any occupation for remuneration or profit in substantially the customary and usual manner in which such occupation is prosecuted. This would have been an equitable and reasonable interpretation of the term. Contracts of insurance should receive a reasonable construction so as to effectuate the purposes for which they are made. Legal effect should be given to the language used, and the object to be accomplished by the contract should be considered in interpreting it. Such a rule would not require the literal interpretation which would render it necessary that the insured be in a condition of complete helplessness, mentally and physically, and totally unable to do anything at all."

There is no merit in this assignment of error.

■ For the reasons stated, the judgment of the trial court will be reversed, the verdict of the jury set aside and the case will be remanded for a new trial upon the sole question of

whether or not the notice required by the contract of insurance was given within a reasonable time from the date of the accident. See section 6365 of the Code. In the event of a finding for the plaintiff, the trial court will enter a judgment pursuant to the former verdict of the jury.

*Reversed and remanded.*