## Richmond

ERIE INSURANCE EXCHANGE

V.

DORIS PAULINE MEEKS

March 12, 1982.

Record No. 791278.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Russell H. Roberts (Roberts, Crosley, Haley & Ashby,* on brief), for appellant.

*Buford M. Parson, Jr. (Patrick J. Nooney; W. W. Whitlock; May, Miller and Parsons,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

In February 1976, Doris P. Meeks was injured when rocks thrown by the wheels of a car operated by Robert A. Foley broke the windshield of the car in which she was riding. Foley did not stop, and Meeks followed him to his place of employment. Foley gave her a fictitious name, asked her not to report the incident, and assured her that he would have his insurance company contact her. Upon Meeks's complaint, Foley was convicted of reckless driving.

In February 1977, papers in a tort action filed by Meeks were served on Foley. Government Employees Insurance Company (GEICO), Meeks's uninsured motorists carrier, filed an answer, and trial was set for May 5, 1977. Pre-trial depositions disclosed that Foley had a standard automobile liability insurance policy with Erie Insurance Exchange (Erie) on the day of the accident. On April 22, 1977, GEICO notified Erie of the accident, the pending tort action, and the date fixed for trial and mailed Erie copies of the suit papers.

On May 2, 1977, GEICO settled Meeks's claim and its counsel withdrew from the case. Erie refused an offer of continuance and declined to defend the tort action, and the trial court entered a default judgment against Foley in the sum of $30,000.

Meeks then brought an action against Erie to enforce Foley's contractual rights. Meeks alleged that Erie "has wrongfully denied coverage to Robert A. Foley" and that Meeks's tort judgment "remains outstanding and is the obligation of [Erie] to satisfy under the terms of the aforesaid policy". In its grounds of defense, Erie admitted that Foley's policy was in effect on the date of the accident but denied liability.

Adopting Meeks's argument, the trial court ruled that, in light of Erie's admission, Meeks was not required to prove the terms of the contract; that Erie bore the burden of proving, as an affirmative defense, that Foley had failed to comply with the terms of the policy; and that Erie should present its evidence first. Erie objected to the ruling and offered a motion to strike. The motion was overruled, and Erie introduced the policy as an exhibit. The policy required Foley to give Erie "written notice" of an accident "as soon as practicable" and to "immediately forward" papers in any claim or suit filed against him. Erie called two witnesses who testified that Foley had never notified Erie of the accident or forwarded the papers in the tort action and that Erie had not learned what had happened until contacted by GEICO more than a year after the accident.

At the conclusion of Erie's evidence, Erie renewed its motion to strike because Meeks had presented no evidence. The trial court overruled the motion. Meeks moved to strike Erie's evidence on the ground Erie had failed to prove prejudice. Meeks argued that Code § 38.1-381 as amended in 1966 requires an insurer to prove prejudice in order to deny coverage for breach of the notice and suit-papers provisions of an automobile liability insurance pol-

icy. The trial court agreed, sustained the motion, and, by order entered June 14, 1979, granted Meeks summary judgment in the amount of the judgment Meeks had acquired in the tort action.

The first question we consider is whether the trial court erred in its construction and application of the 1966 amendment. As Meeks acknowledged in oral argument, this question is controlled by our decision in *State Farm* v. *Porter,* 221 Va. 592, 272 S.E.2d 196 (1980). There, we were asked to construe the 1966 amendment which, in effect, requires an insurer to prove prejudice before it has the right to deny coverage because of an insured's "failure or refusal . . . to cooperate with the insurer under the terms of the policy". Acts 1966, c. 182.[1] We held that the General Assembly intended this amendment to apply only to the "cooperation" clause of the policy[2] and that "[t]he giving of notice of the accident, the giving of notice of suit, and the forwarding of suit papers were conditions precedent to coverage under the policy, requiring substantial compliance by the insured." 221 Va. at 599, 272 S.E.2d at 200; *accord, Liberty Mutual Ins. Co.* v. *Safeco,* 223 Va. 317, 288 S.E.2d 469 (1982).

Meeks urges us to "reconsider" this decision. We have done so, and, reaffirming our reasoning there, we hold that the trial court. erred in its construction and application of the 1966 amendment.

■ We now consider the trial court's ruling that Erie had to bear the original burden of proof. As we noted in *Porter,* we had held in several cases (all decided before the instant case was tried) that "performance" by the insured of the obligations imposed by the policy is "a condition precedent to recovery under the policy." *Id.* at 597, 272 S.E.2d at 199. As the trial court observed, Erie asserted an affirmative defense. With respect to such a defense, a defendant bears the ultimate burden of persuasion and assumes the risk of non-persuasion.

---

[1] Under this Act, Code § 38.1-381(al) read in pertinent part as follows:

(al) Nor shall any such policy . . . be so issued . . . unless it contains an endorsement or provision insuring the named insured and any other person responsible for the use of . . . the motor vehicle . . . notwithstanding the failure or refusal of the named insured or such other person to cooperate with the insurer under the terms of the policy; provided, however, that if such failure or refusal prejudices the insurer in the defense of an action for damages arising from the operation or use of such motor vehicle, then this endorsement or provision shall be void.

[2] An amendment with similar effect, not applicable to *Porter* or the instant case, was addressed to the suit-papers provision by Acts 1980, c. 331.

However, Erie did not bear the *initial* burden of going forward with the evidence as the trial court ruled. It is elemental that a plaintiff must prove a *prima facie* case. In her action to enforce Foley's rights under his contract, Meeks stood in Foley's shoes. In that posture, she alleged that Erie had "wrongfully denied coverage" and, thus, was in breach of the covenant to pay the tort judgment against Foley. It was Meeks's burden to introduce evidence to support those allegations. Only after she had made a *prima facie* case that Foley had performed the conditions precedent to recovery would the burden of persuasion have fallen upon Erie. Accordingly, we hold that the trial court erred in its ruling.

▪ For the errors committed below, we will reverse the judgment in this case. Meeks argues that, since that judgment was entered before we issued our mandate in *Porter,* this case should be remanded for a new trial to afford her an opportunity to prove that Foley substantially performed the notice and suit-papers requirements of his policy.

When we reverse an erroneous judgment, we are empowered to "render final judgment upon the merits whenever, in the opinion of the court, the facts before it are such as to enable the Court to attain the ends of justice", and "[a] civil case shall not be remanded for a trial de novo except when the ends of justice require it". Code § 8.01-681. Construing a predecessor statute, we reversed and entered final judgment when we found, "no reason to believe that, upon another trial, any new or different evidence might be introduced which ought to affect the result." *A.C.L.R. Co. v. Walkup Co.,* 132 Va. 386, 395, 112 S.E. 663, 666 (1922). *See also Virginia Iron, Etc. Co. v. Odle's Adm'r,* 128 Va. 280, 310-11, 105 S.E. 107, 117 (1920).

As a practical matter, once the trial court made its ruling on burden of proof and announced its interpretation of the 1966 amendment, proof that Foley had performed the conditions precedent to recovery under his policy became superfluous. Meeks had subpoenaed Foley as a witness at trial. In opening statement, Meeks's counsel had told the jury that Foley would testify and that his testimony would supply such proof. Accordingly, we have reason to believe that, upon another trial, Foley's testimony might be introduced and, if believed, could affect a jury's verdict in this case. Hence, we are of opinion the ends of justice require a new trial.

The judgment will be reversed and the case remanded for a new trial, limited to the question whether Foley substantially performed the notice and suit-papers requirements of his policy. *See Glens Falls Indemnity Co. v. Harris,* 168 Va. 438, 191 S.E. 644 (1937) (insured's judgment reversed, case remanded, new trial limited to question of timely notice of injury).

*Reversed and remanded.*