## CIRCUIT COURT OF THE CITY OF RICHMOND

Kenneth L. Glidewell, Sr.,
and Emily N. Glidewell

v.

State Farm Mut. Ins. Co.

November 8, 1982

Case No. LE 1389

By JUDGE MARVIN F. COLE

It is my understanding that the above case has been submitted to the court for determination and decision based upon the stipulation of facts which have been filed in this matter.

The stipulated facts in this case are as follows.

On June 29, 1979, State Farm family liability insurance policy issued to Emily N. Glidewell was in full force and effect. The policy insured a 1962 2-door Chevrolet automobile which was being operated on this date by Kenneth L. Glidewell, Sr., husband of the named insured.

Glidewell was backing the vehicle on the premises of his business in Richmond, Virginia, when he felt a "thump." A pedestrian, Woodrow W. Waller, Jr., claimed that the automobile had bumped into him, but walked away from the scene of the accident.

Within a day or two, Glidewell observed Waller on crutches and in a cast. Waller advised Glidewell that the accident had fractured his kneecap. Glidewell inquired about Waller's expenses and was advised that Waller's insurance company would take care of it. Waller remained on crutches and in a cast for several weeks and Glidewell

was able to observe him from time to time because of the close proximity of their respective businesses.

Glidewell was interviewed at his place of business and gave a statement to Waller's insurance carrier, Commercial Union. Commercial Union ultimately made a subrogation claim, by letter of November 26, 1979, to Glidewell. Glidewell asked Waller about the letter and Waller replied that the insurance company had taken care of it.

In February, 1980, Glidewell received another letter, dated February 15, 1980, from Commercial Union restating its claim. For the first time, Glidewell notified State Farm (February 28, 1980). In March, 1980, State Farm investigated the incident under a "reservation of rights" and took a statement from Mr. Glidewell. In the statement, in response to the question of why he did not report the accident, Mr. Glidewell stated as follows:

> Well there just wasn't nothing to it. You know, I just bumped him and weren't nothing said about it and the next day he was on crutches and I still didn't report it because I didn't think it was going to be nothing to it and he had his own insurance that was taking care of it and then a month or so later somebody, I don't know who it was, come by and I filled out a statement, you know, like I'm doing now and I still didn't know what it was all about and I just figured it was his insurance company and then I get a bill, two or three thousand dollars and that's when I turned it over to Bradshaw. I told him about it. What had happened.

Kenneth Glidewell is employed in the auto parts business, and prior to the institution of legal proceedings in this matter had no knowledge of the law of insurance and was not aware of the concept of subrogation.

The policy issued by State Farm contained the following Condition:

> 3. *Notice*. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with

respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

The issue in this case is whether the insured has substantially complied with the terms of the insurance policy in regard to notice of the accident; and the Supreme Court has established certain general principles of law governing this issue.

In *Insurance Company v. Gourdine*, 205 Va. 57 (1964), the following statement was quoted with approval:

It is well settled in Virginia and generally elsewhere, that a provision in an insurance liability policy requiring notice of accident and claims, and the forwarding of suit papers are reasonable and valid stipulations, and must be complied with by the insured. The clear purpose is to give the insurer an opportunity to make a timely investigation of all the circumstances and to propose an adequate defense, if necessary, on behalf of the insured.

Policy provisions that notice of accident be given as soon as practicable, and notice of claim or suit be forwarded immediately only require that insured act within reasonable time, considering all of the circumstances. A significant circumstance may be age and capacity for understanding of the insured. *Insurance Co. v. Gourdine*, 205 Va. 57 (1964).

Whether or not in a particular instance the insured has failed to give the cooperation contemplated by the policy is ordinarily a question of fact. Blashfield, Automobile Law, Perm. Ed. Vol. 6, pg. 413.

And in *Indemnity Co. v. Davis*, 150 Va. 778 (1928), it was held that the burden of proof is upon the insurer.

In *Insurance Co. v. Gourdine*, *supra*, the Supreme Court held that plaintiff was not prejudiced in any way by failure to forward papers and the defendant failed to carry the burden of proof of showing that the failure

of the insured was of such a substantial and material nature as to justify the voiding of the insurance contract.

In *Shipp* v. *Connecticut Indemnity Co.*, 194 Va. 249 (1952), the Supreme Court stated the following:

> While the insurer does not have to show that it was prejudiced by failure to cooperate, the absence of prejudice, if it appears, is a circumstance to be considered on the question of the materiality of the information which it is claimed the insured failed to give.

In the *Shipp* case the court held that the question can be decided as a matter of law only when reasonable men should not differ as to the proper inferences to be drawn from the facts proved.

Policy provisions that notice of accident be given as soon as practicable and notice of claim or suit be forwarded immediately only require that insured act within reasonable time, considering all of the circumstances. A significant circumstance may be age and capacity for understanding of the insured. *National Surety Corp.* v. *Wells*, 287 F.2d 102 (5th Cir. 1961).

Any circumstance preventing the giving of timely notice may excuse a delay or default in giving notice of an accident to a liability insurance company, and, in the absence of a limitation in the policy, the existence of physical or mental incapacity is not the only valid ground for delay. Such circumstances as the temporary disappearance of the policy, the insured's lack of knowledge cf. the accident or of the fact of coverage, his physical state or condition after the accident, the wrongful acts of the company or its agent preventing the insured from giving the notice required, or the impossibility of giving notice from some other cause, may serve to excuse the delay in giving the required notice.

The insured may be excused from giving the notice where he believes that he was not liable for the accident, provided he is acting as a reasonably prudent person, but there is authority to the contrary. Blashfield, Automobile Law and Practice, Section 342.4.

In *Erie Insurance Co.* v. *Meeks*, 223 Va. 287 (1982), the Supreme Court held that the insured had the burden

of proof to prove a *prima facie* case of compliance with the insurance contract and that thereafter the burden of persuasion would fall upon the defendant.

In *Liberty Mutual Ins. Co.* v. *Safeco Ins. Co.*, 223 Va. 317 (1982), the accident occurred on January 27, 1977. The police officer found Blakeny, owner of a truck involved in the accident, at the scene; Blakeny observed the severe head injuries to the Hiltons and damage to their vehicle; the investigator charged Blakeny with a traffic offense and advised him to file a report within ten days.

Seven weeks later an attorney for the Hiltons advised an insurance agent of Blakeny of the accident. Safeco received notice from the independent agent on March 19, 1977. Then we see that there was a 51 day delay between the date of the accident and the date of the notice. There was no evidence to indicate Blakeny was prevented by reason of health, or other circumstance, from personally notifying Safeco seasonably, or from having someone notify the company for him promptly. He was not injured and was at the scene and had full knowledge of the accident. He had knowledge of the injuries and the property damage and was issued a traffic summons. The court held that under these circumstances, such delayed notice, without any justifications whatsoever, constitutes a breach of the policy condition in question.

The *Liberty Mutual* v. *Safeco* case is easily distinguishable from the one at bar. First, in *Liberty* no justification for the delay was given. In this case the claimant himself was telling the insured not to do anything; that he was not to make a claim, and that the expenses for his injuries had been taken care of. The facts of these two cases are not at all alike.

It is also not necessary that every insured report every accident that might occur in the operation of an automobile. The test as to whether an occurrence or accident which has happened is to be deemed of such character as to require notice is whether the event would lead an ordinarily prudent and reasonable man to believe that it might become the basis of a claim for damages; and where the accident is sufficiently serious to lead such a person so to believe, he is required to give notice. However, the converse of this statement is likewise true and not every trivial mishap or occurrence need be treated

by the insured under such a policy as an accident. Blashfield, Automobile Law and Practice, Sec. 342.5.

It should also be noted that State Farm in this case has not alleged that it has in any way been prejudiced by the delay in the reporting of this accident. As set forth in the case law above, this is a factor that is to be considered in the matter.

Applying all of the facts set forth above in our case to the law as set out in the above case, I am of the opinion, and I hereby find as a fact, that Glidewell did substantially comply with the terms of the insurance policy in this matter. Glidewell did not give immediate notice of the accident under the facts of this case because he did not think there had been an accident, but only a small bumping, and the facts do not disclose that the police were called or any report made to the authorities concerning this alleged accident. Glidewell also did not give any notice of the accident because he had no indication that any claim was to be filed against him or his insurance carrier. This thinking was affirmed by the statements which he received from the claimant Waller on several occasions to the effect that he should not worry about the accident and his insurance had taken care of it. Therefore, based upon these representations, it is my opinion that Glidewell was justified in not pursuing the matter any further. Glidewell also failed to forward the first letter of claim that he received because again the claimant told him that his insurance carrier had already taken care of the claim. When, however, a second letter controverted that allaying of the concern of Waller, Glidewell did notify his insurance agent and he did forward the suit papers. The facts also disclose that State Farm has not been prejudiced in this matter. It, therefore, appears to me and I so find that Glidewell acted reasonably "as soon as practicable, and that he substantially complied with the insurance contract." Therefore, it is my opinion that State Farm under its contract with Emily N. Glidewell must defend the suit brought by Waller based on the accident of June 28, 1978, and pay any judgment thereon that may be rendered.