## CIRCUIT COURT OF FAIRFAX COUNTY

Mount Vernon Realty, Inc.

v.

St. Paul Insurance Co.

March 26, 1990

Case No. (Law) 91730

By JUDGE JACK B. STEVENS

The Court has had this matter under advisement following oral argument and the filing of briefs by counsel upon defendant's Motion for Summary Judgment.

This action is a dispute concerning defendant's liability under an insurance policy. Plaintiff alleges a breach of the policy terms for denial of its claim for property damage. St. Paul denies liability primarily upon Mt. Vernon's alleged failure to comply with the notice provision in the policy but also based upon an alleged failure to cooperate. Since the failure to cooperate is factually tied to and based upon the alleged notice failure, they can be considered jointly by considering the notice allegation.

In Virginia, performance under a notice provision in an insurance policy is a condition precedent to coverage requiring substantial compliance by the insured. *State Farm v. Porter*, 221 Va. 592, 599 (1980); *accord, Lord v. State Farm*, 224 Va. 283, 284 (1982); *Liberty Mut. Ins. v. Safeco*, 223 Va. 317, 323 (1982).

Defendant's argument essentially asks this Court to rule as a matter of law that Mt. Vernon's delay of approximately 3½ months in notifying St. Paul of its claim amounts to a failure to substantially comply with the notice provisions specified in the policy. Under the policy,

Mt. Vernon was required to give notice of loss or damage as soon as possible.

The question of timely notice is generally for the factfinder, and the insured is not required to establish prejudice by a violation of the notice provision. *Erie Insurance Exchange v. Meeks*, 223 Va. 287, 290 (1982) (decision construing Va. Code § 38.1-381). The defendant correctly asserts that the Court may decide the question of timely notice as a matter of law when the facts and reasonable inferences drawn from them are undisputed. *See*, *Mason and Dixon, Inc. v. Casualty Co.*, 199 Va. 221, 225 (1957). However, St. Paul erroneously concludes that because the sequence of events in this case is undisputed, it necessarily follows that the notice given by Mt. Vernon can only be construed as not timely filed. Prompt notice under an insurance contract means notice within a reasonable time, and compliance is measured by reference to the facts and circumstances. *State Farm Mutual v. Douglas*, 207 Va. 265, 267 (1966); *Insurance Company v. Gourdine*, 205 Va. 57, 62-63 (1964).

In the present case, Mt. Vernon has acknowledged it incurred property damage in January, 1988. However, it did not report its claim to St. Paul until after obtaining information regarding liability of a third party. Moreover, the nature and extent of the repairs to Mt. Vernon's property involved excavation of both public and private property, partial closing of a public roadway, and the removal of damaged sewage pipe and contaminated soil. Under these circumstances, the Court is unwilling to conclude that a single inference may be drawn from Mt. Vernon's conduct in notifying its insurer. It is only when reasonable men should not differ as to the proper inferences deducible from the proven facts that the Court should decide the question as a matter of law. *Mason and Dixon, Inc. v. Casualty Co., supra* at 225.

For the above reasons, the Court declines to rule as a matter of law that the notice given by Mt. Vernon was untimely. On these facts, the issue of timely notice remains in dispute and is properly a question for the factfinder. Defendant's Motion for Summary Judgment is denied.