# CIRCUIT COURT OF ARLINGTON COUNTY

Abebe Mengistu

v.

Travelers Indemnity Co.

March 8, 2001

Case No. (Law) 99-845

BY JUDGE WILLIAM T. NEWMAN, JR.

This matter comes before the Court on a Motion for Declaratory Judgment filed by plaintiff Abebe Mengistu. After hearing oral argument on September 6, 2000, and carefully reviewing the pleadings, case law, and facts of this case, the Court sets forth its ruling below.

## *Factual Background*

On or about October 20, 1990, the plaintiff, Mr. Abebe Mengistu, was involved in a motor vehicle accident with Mr. Rudolpho Hernandez, who was insured by defendant, The Travelers Indemnity Company (henceforth "Travelers"). Travelers was made aware of the accident and issued a draft payable to the plaintiff for property damage sustained in the accident. Thereafter, plaintiff's attorney Mr. Drennan attempted to negotiate with representatives of Travelers regarding a potential personal injury claim. Offers and demands were exchanged and no settlement was reached. Following the breakdown of negotiations, no further communication was made between the parties. A Motion for Judgment was filed, Law No. 92-993, and was nonsuited on August 6, 1993.

On December 15, 1993, Mr. Mengistu filed a second Motion for Judgment, Law No. 93-1499. Travelers claims it was unaware of the filing of this action and was neither notified of its filing nor received suit papers from any source. Mr. Mengistu claims that he contacted Travelers, through his attorney Mr. Drennan, and informed an adjuster that suit was pending and that he was having trouble getting service on Mr. Hernandez. According to Mr. Mengistu, Travelers refused to accept service of process, stating that plaintiff should "get service through the usual process."

On April 11, 1995, Mr. Mengistu obtained an Entry of Default against Mr. Hernandez. Travelers received no notice of this default until some time between May and November 1996, when plaintiff's new attorney Mr. Sgarlat notified defendant's agent. Ultimately, Travelers was served with notice of ex parte proof of damages on or about February 27, 1998, and judgment was entered against Mr. Hernandez on March 27, 1998, in the amount of $50,000.00 plus interest. Thereafter, the present action was filed.

### *Mr. Mengistu's Claims Against Travelers*

The central issue to be determined in this case is whether the defendant was placed on proper notice of plaintiff's second Motion for Judgment, filed on December 15, 1993.

Plaintiff seeks a judgment declaring that Travelers should provide liability coverage to its insured, Mr. Hernandez, as a result of the October 20th automobile accident, and that Travelers should be liable to plaintiff for the judgment entered in the Arlington Circuit Court on March 27, 1998. Travelers argues that it did not have proper notice of the filing of the lawsuit, which is a condition precedent to coverage in this incident, and that Mr. Mengistu cannot recover under the policy because of the lack of said coverage.

Under Virginia law, a plaintiff may file a direct action against an insurance carrier if a judgment against an insured is returned unsatisfied pursuant to Virginia Code § 38.2-200. This statute allows a plaintiff to maintain an action against the insurer under the terms of the policy and the contract. However, it does not create any greater right than would exist on the part of the insured and imposes the same contract conditions on the plaintiff as would be applicable to the insured.

The Virginia courts have consistently ruled that substantial compliance with the notice requirements under a policy are conditions precedent to coverage. In *Erie Ins. Co. v. Meeks*, 223 Va. 287, 288 S.E.2d 454 (1982), the Supreme Court stated that a third party claimant stood in the shoes of the

insured and had the affirmative duty to present evidence to show that the insured had performed the conditions precedent to recovery under the policy.

The Travelers Family Automobile Policy, under which Mr. Hernandez was covered, states:

> If, before the Company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury or property damage against any person or organization legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the Company by the insured or his legal representative.

It is undisputed that neither the insured, Mr. Hernandez, nor counsel for Mr. Mengistu, forwarded any suit papers to Travelers Insurance Company concerning plaintiff's second Motion for Judgment.

Plaintiff argues that Travelers had notice of the accident by virtue of the original report and payment of property damage to the plaintiff and further had some knowledge of a personal injury claim by virtue of the earlier negotiations. There is no evidence from which the Court can infer that the original report and Travelers' payment of property damage to Mr. Mengistu in any way placed Travelers on notice of a subsequent personal injury claim. Likewise, the fact that there were early negotiations between the parties does not suggest that Travelers was placed on notice of the subsequent personal injury claim. Assuming *arguendo* that the Court were to infer that Travelers had knowledge of a potential personal injury claim, clearly, there is no evidence that Travelers was aware of the second Motion for Judgment, filed four months after the initial claim was nonsuited.

Next, plaintiff argues that Travelers had notice based upon a telephone conversation between plaintiff's attorney and an unidentified Travelers representative. Plaintiff states that his then lawyer, Mr. Drennan, was having difficulty serving Mr. Hernandez, so he contacted Travelers in an attempt to get it to accept service of process. Allegedly, Mr. Drennan spoke with an unidentified Travelers representative, who denied service with the comment, "get service through the usual process." Ultimately, plaintiff did get service through the "usual process," by obtaining service on the Secretary of the Commonwealth. That notwithstanding, the Court is not persuaded that a mere telephone conversation, between plaintiff's lawyer and some unknown, unidentified Travelers representative is any indication that Travelers was placed on proper notice of plaintiff's personal injury claim.

The Court notes that in certain instances, actual knowledge of the lawsuit from other sources can defeat an insurer's claim of lack of coverage. Virginia Code § 38.2-2204(C) provides, in pertinent part:

> If an insurer has actual notice of a motion for judgment or complaint having been served on the insured, the mere failure of the insured to turn the motion or complaint over to the insurer shall not be a defense to the insurer, nor void the endorsement or provision, nor in any way relieve the insurer of its obligations to the insured, provided the insured otherwise cooperates and in no way prejudices the insurer.

In this case, the evidence is uncontradicted that during the time Mr. Drennan may have had oral discussions with representatives of Travelers that no service of process had been accomplished on Mr. Hernandez. It is further uncontradicted that there were no communications between any representatives of the plaintiff and any representatives of Travelers between December 1994, when Mr. Hernandez was served, and the entry of the default in April 1995. The only communications that took place with Travelers' personnel which would have provided them with actual notice that a claim had been filed and that service had been accomplished on the insured occurred when Mr. Sgarlat contacted Travelers in the May to November 1996 time frame. At that point, Travelers had clearly been prejudiced since it no longer had an opportunity to contest liability by virtue of the default, had waived its right to a jury trial, and could not object to any proffered evidence.

Plaintiff failed to comply with the statutory provisions by simply corresponding or otherwise providing a copy of the Motion for Judgment to Travelers after securing service of process on Mr. Hernandez. Accordingly, the Court finds that Travelers was not placed on proper notice of plaintiff's second Motion for Judgment, filed on December 15, 1993.

Based on the foregoing, the Court denies plaintiff's Motion for Declaratory Judgment.