## Richmond

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

### V.

### GEORGE LEE PORTER

November 26, 1980.

Record No. 790053.

Present: All the Justices.

*George H. Gray* (*Outland, Gray, O'Keefe & Hubbard,* on brief), for appellant.

*George Minor, Jr.,* for appellee.

COCHRAN J., delivered the opinion of the Court.

On May 24, 1976, George Lee Porter obtained a judgment by default in the amount of $5,000 against William H. Edwards for personal injuries and damages sustained when Porter was struck by an automobile operated by Edwards on November 3, 1974. The automobile, a 1968 Ford owned by Edwards's wife, was covered by a liability insurance policy issued to her by State Farm Mutual Automobile Insurance Company. State Farm, which was not notified of the accident or of Porter's claim until June, 1975, declined to defend the personal injury action or pay the judgment. Unable to collect the judgment from Edwards, Porter filed a motion for judgment against State Farm for $5,000, with interest and costs.

The trial court, sitting without a jury, ruled that the evidence showed that State Farm had not been prejudiced by the failure of Edwards to comply with the notice requirements of the insurance policy,

and entered judgment on October 19, 1978, for Porter against the company in the amount sued for. State Farm has appealed, contending that the failure of Edwards to comply with the policy provisions constituted breach of a condition precedent to recovery, so that it is immaterial whether State Farm was prejudiced by the lack of notice. State Farm further contends that even if it was required to show prejudice to bar recovery, the record establishes that it did so.

The accident occurred when Porter, crossing a street on foot, was struck by an automobile that did not stop at the scene. Witnesses followed the vehicle and identified it and the driver; as a consequence, Edwards was arrested on a hit-and-run charge. On February 21, 1975, Porter filed suit against Edwards, but State Farm never received the suit papers or any accident report. Edwards pleaded guilty to the hit-and-run charge in the trial court on April 2, 1975. Porter's attorney took Edwards's discovery deposition on June 12, 1975, pursuant to notice and subpoena, and learned that State Farm had a liability policy covering the Edwards automobile on the date of the accident. A letter from the attorney delivered to State Farm on June 23, 1975, was the first information received by the insurance company that the accident had occurred. On that same date, Richard A. Lyons, Claim Specialist for State Farm, after trying unsuccessfully to confer with Edwards in person, took a statement from him by telephone. Edwards denied that he operated the vehicle that struck Porter and stated that, although he was not guilty, he had pleaded guilty to the hit-and-run charge on the advice of counsel.

State Farm notified Edwards by letter dated June 27, 1975, that it reserved the right to deny coverage under the policy because of late notification of the accident and non-cooperation by Edwards, and that it was handling the claim without waiving this right. A copy of this letter was enclosed in a letter of the same date from State Farm to Porter's attorney advising that the insurer intended to rely upon its non-waiver and reservation of rights. Porter's attorney gave State Farm the name of an eyewitness, James Williams, from whom the insurer took a statement on July 11, 1975, in which Williams reported that two sailors who had seen the accident followed Edwards to his home and apprehended him. The identity of the sailors was not established.

On January 20, 1976, Porter dismissed without prejudice the action that he had filed against Edwards as sole defendant, but two days later he instituted an action against both Edwards and his wife for injuries and damages arising from the accident and forwarded a copy of the

suit papers to State Farm. Neither Edwards nor his wife delivered any suit papers to State Farm. Lyons made numerous efforts to interview Edwards in person but could never find him at home; Lyons left messages for Edwards to telephone him, but Edwards never did so.

Lyons testified that his investigation of the accident was adversely affected by the delay in reporting it. He could never talk to the two sailors. There was no physical evidence to investigate. He could not question the insured driver about specific facts that Edwards would remember "right after the accident". It was too late to take pictures or measurements at the scene. He had no opportunity to interview Edwards or to inform him of the effect on the civil action of a guilty plea in the criminal case. He was denied the opportunity to have a representative present at the hearing on the criminal charge, and to have a transcript made of those proceedings. Lyons admitted, however, that after receiving notice of the claim he did not recall making any effort to locate the sailors who had witnessed the accident and identified Edwards as the hit-and-run driver.

The following provisions of the liability insurance policy upon which State Farm relies were introduced into evidence as Defendant's Exhibit 1:

1. **Notice of Accident—Coverages A, B and C.** When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

2. **Notice of Claim or Suit—Coverages A and B.** If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

. . . .

15. **Assistance and Cooperation of the Insured—Coverages A, B, D, E, G and H.** The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The failure or refusal of the insured to cooperate with or assist the company which prejudices the company's defense of an action for damages arising out of the operation or use

of an automobile shall constitute non-compliance with the requirements of the policy that the insured shall cooperate with and assist the company. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

We have held that such provisions requiring action on the part of the insured are reasonable contractual terms that will be enforced. We have said that performance of provisions requiring notice of an accident and the furnishing of information as to claims made or actions brought usually is considered a condition precedent to recovery under the policy. *State Farm Mutual* v. *Douglas,* 207 Va. 265, 267, 148 S.E.2d 775, 777 (1966); *Temple* v. *Va. Auto Mut. Ins. Co.,* 181 Va. 561, 575, 25 S.E.2d 268, 274 (1943). Thus, a delay of two and a half years in forwarding processes to the insurance carrier was held to be a violation of the policy provision requiring prompt notice, regardless of whether the insurer was prejudiced by the delay. *Harmon* v. *Farm Bureau Auto Ins. Co.,* 172 Va. 61, 64-65, 200 S.E. 616, 618 (1939). As a general rule, however, the question whether notice of an accident has been given to the insurer "as soon as practicable" is one for the fact-finder to determine. *State Farm Mutual* v. *Douglas, supra,* 207 Va. at 268, 148 S.E.2d at 777; *Mason and Dixon, Inc.* v. *Casualty Co.,* 199 Va. 221, 225, 98 S.E.2d 702, 705 (1957).

Prior to 1966, the same principles were applied to policy provisions requiring the insured to cooperate with the insurance company. The burden was on the insurer to establish to the satisfaction of the fact-finder the affirmative defense of non-cooperation. *Shipp* v. *Connecticut Indem. Co.,* 194 Va. 249, 257-58, 72 S.E.2d 343, 348 (1952). We had said that the violation had to be a substantial and material one, but no showing of prejudice was required of the insurer. *Cooper* v. *Insurance Company,* 199 Va. 908, 913-14, 103 S.E.2d 210, 214 (1958); *State Farm Ins. Co.* v. *Arghyris,* 189 Va. 913, 55 S.E.2d 16 (1949). Nevertheless, absence of prejudice was a "circumstance to be considered on the question of the materiality of the information which it is claimed the insured failed to give." *Shipp, supra,* 194 Va. at 256, 72 S.E.2d at 347.

By Chapter 182 of the 1966 Acts, the General Assembly amended Code § 38.1-381, relating to motor vehicle liability insurance, to provide as follows:

"(a1) Nor shall any such policy . . . be so issued . . . unless it contains an endorsement or provision insuring the named insured and any other person responsible for the use of . . . the motor vehicle . . . *notwithstanding the failure* or refusal of the named insured or such other person *to cooperate* with the insurer under the terms of the policy; *provided,* however, *that if such failure* or refusal *prejudices the insurer* in the defense of an action for damages arising from the operation or use of such motor vehicle, then *this endorsement* or provision *shall be void."* (Emphasis added).

 The effect of the 1966 amendment, of course, was to require the insurer to prove not only that the insured failed or refused to cooperate but also that this violation of the terms of the policy prejudiced the insurer in the defense of an action for damages arising from the insured's operation of a motor vehicle. Clearly, the amendment would apply to Paragraph 15 of the policy in the present case, entitled "Assistance and Cooperation of the Insured". But does the amendment apply to other provisions of the policy, such as Paragraph 1, requiring the insured to give the insurer prompt written notice of an accident, with pertinent information, and Paragraph 2, requiring the insured to forward immediately to the insurer suit papers received by him? We believe that it does not.

The notice provisions are not included within the paragraph of the policy relating to the insured's duty to cooperate with the insurer. Our cases have distinguished between the notice requirements and the cooperation provisions. Moreover, the General Assembly itself has treated the requirements as separate and independent contractual obligations. By Acts 1980, Chapter 331, Code § 38.1-381(a1) was further amended by adding a provision that if an insurer has actual notice that a suit has been instituted against an insured, mere failure of the insured to deliver suit papers shall not defeat coverage under the policy if the insured otherwise cooperates and does not prejudice the insurer. This amendment, adopted after final judgment was entered in the present case, is pertinent only to a determination of legislative intent. It appears from the 1966 and 1980 amendments that the focus of the General Assembly has been limited to two different categories of policy provisions requiring action by the insured, *i.e.,* provisions requiring cooperation and assistance, and provisions requiring prompt delivery to the insurer of suit papers. In either of these categories, but not otherwise, the insurer must prove both violation and prejudice in order successfully to deny coverage.

In *Dairyland Insurance Company* v. *Hughes,* 317 F. Supp. 928 (W.D. Va. 1970), the federal court, in construing Code § 38.1-381 (a1), held that an insurer must show prejudice to avoid liability for the insured's violation of the requirement of cooperation, but not for the insured's failure to give notice or to forward suit papers. Although we have held that provisions requiring prompt notice of accident and immediate forwarding of suit papers must be complied with, we have construed such provisions to require only that the insured act within a reasonable time under the circumstances. *Insurance Company* v. *Gourdine,* 205 Va. 57, 62-63, 135 S.E.2d 120, 124 (1964). Distinguishing *Arghyris, Cooper,* and *Harmon,* where wilful failures to comply with policy provisions constituted substantial, material and prejudicial violations, we held in *Gourdine* that the insurer had not carried its burden of showing that the insured's violation, failure to give prompt notice of suit, was "of such substantial and material nature as to justify the voiding of the insurance contract." 205 Va. at 64, 135 S.E.2d at 125.

Applying these principles in the present case, we conclude that the trial court erred in awarding judgment to Porter against State Farm. The insured never gave notice to the company of the accident, never gave notice of suit or forwarded suit papers, and never cooperated. We need not decide whether State Farm showed that it was prejudiced by this conduct of the insured. The giving of notice of the accident, the giving of notice of suit, and the forwarding of suit papers were conditions precedent to coverage under the policy, requiring substantial compliance by the insured. The record shows that rather than substantial compliance there was wilful violation of each of these policy provisions by the insured. Accordingly, the insurer was justified in denying coverage under the insurance contract.

The judgment of the trial court will be reversed and judgment will be entered here for State Farm.

*Reversed and final judgment.*