## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

Bruce W. Greene

v.

Travelers Insurance Co., Inc.

June 16, 1982

By JUDGE DUNCAN M. BYRD, JR.

The issue raised in the above styled matter is whether recovery against defendant, The Travelers Insurance Company, Inc., is barred because of the insured's failure to submit timely notice of the accident. The pertinent policy provision is as follows:

> The Insured or someone on his behalf shall give written notice to The Travelers or its authorized representative as soon as practicable, including in the notice particulars sufficient to identify the Insured and also reasonable obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses.

The relevant facts are that the accident in question occurred on September 20, 1976. The initial Motion for Judgment relating thereto was filed on September 16, 1978. The Travelers received its first knowledge of the accident and prior action at law on October 16, 1980.

Construing a similar policy provision, our Supreme Court held in *State Farm v. Porter*, 221 Va. 592 (1980), that the giving of notice of accident is a condition precedent to coverage under the contract of insurance and requires "substantial compliance by the insured." Accord, *Erie Insurance Exchange v. Meeks*, 223 Va. 287

(1982), and *Liberty Mutual Ins. Co. v. Safeco Ins. Co.*, 223 Va. 317 (1982). The question of whether notice of the accident has been given to the insurer "as soon as practicable" is one for the fact finder to determine and that the insurer does not have to establish it was prejudicial in the defense of the action by violation of the notice provision. *Porter*, 221 Va. at 597-598, *Liberty*, 223 Va. at 323. In *Porter, supra*, the accident occurred on November 3, 1974, suit was filed on February 21, 1975, and the insurer's first knowledge of the accident was June 23, 1975. The Court held plaintiff was barred from recovery for failure to give notice of the accident to the company. 221 Va. at 599.

In *Liberty, supra*, the insurer was not notified of the accident until fifty-one days after the accident. The Court stated as follows:

> There was a 51-day delay between the date of the accident and the date of notice. There is no evidence to indicate Blakeney [the insured] was prevented by reason of health, or other circumstance, from personally notifying Safeco seasonably, or from having someone notify the company for him promptly. . . . Under these circumstances, such delayed notice, without any justification whatever, constitutes a breach of the policy condition in question. 223 Va. at 324.

The provision "as soon as practicable" has been construed to require only that the insured act within a reasonable time under the circumstances. *Insurance Company v. Gourdine et al.*, 205 Va 57, 62-63 (1964). A significant circumstance supported by the Plaintiff's evidence is that the insured, Bryon Smith, and the named insured, his employer, the City of Clifton Forge, made an initial determination that the accident was a non-coverage (non-automobile) situation as the reason for not notifying the insurer; a mistake of law. Byron Smith subsequently left his employment and the state and there is no evidence of further *actual* knowledge or notice of the accident or suit until after he was contacted by an agent of the Defendant, Travelers, after they received knowledge of the accident. However, another significant circumstance is the fact that the *named insured*

and *employer* and *co-defendant* of Smith in the initial action was the City of Clifton Forge. When the initial motion was filed on September 16, 1978, or soon thereafter, the City had knowledge that their initial determination was *at least* suspect. More than two years elapsed before the insured had knowledge of the accident.

Considering the totality of the circumstances, I am of the opinion that the insured was not notified "as soon as practicable" or "within a reasonable time under the circumstances" of the accident. The actions should be dismissed.