998 F.2d 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Antoinette Atkins, a/k/a Antoinette Atkins Dedmond,
Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
 No. 92-2173.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1993.
Decided: July 23, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 Samuel Keith Barker, for Appellant.
 George A. Somerville, MAYS & VALENTINE, for Appellee.
 Gary J. Spahn, MAYS & VALENTINE, for Appellee.
 E.D.Va.
 AFFIRMED IN PART, REVERSED IN PART.
 Before BUTZNER, Senior Circuit Judge, VOORHEES, Chief United States District Judge for the Western District of North Carolina, sitting by designation, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 BUTZNER, Senior Circuit Judge:
 
 OPINION
 
 1
 This is an appeal of an award of summary judgment in favor of Travelers Insurance Company. The facts are set forth in the district court's opinion:
 
 
 2
 On February 19, 1987 Ms. Antoinette Atkins (now married and going by the name Antoinette Atkins Dedmon) was involved in an automobile accident on the corner of 27th and Q streets in Richmond, Virginia. An ambulance crew from Richmond Paramedical Services, Inc. ("RPS") arrived shortly thereafter and transported Ms. Atkins to Richmond Memorial Hospital. At some point during this transport, the crew dropped Ms. Atkins from her stretcher, causing what she alleges are serious and permanent injuries. The Travelers Insurance Company ("Travelers") provided RPS with liability insurance. In February of 1988, the Travelers Company acknowledged receipt of Notice of Claim regarding this accident. After receiving this notice, Travelers investigated the action and concluded that Ms. Atkins' claim was suspect and that it would defend on liability and damages. In July of 1988 RPS petitioned for Chapter 11 Bankruptcy.
 
 
 3
 On August 19, 1988, Ms. Atkins filed a Motion for Judgment against RPS based on what it alleged were the negligent actions of its employees resulting in injury to her. Mr. Brandon Martin, a Technical Specialist for Travelers, indicates by way of affidavit that to the best of his knowledge, plaintiff never served this Motion for Judgment on RPS. The Motion itself indicates that the President of RPS was served.
 
 
 4
 Mr. Martin admits that Travelers monitored the action when Ms. Atkins notified them of the Motion for Judgment. Travelers also was aware of the RPS Bankruptcy proceeding.
 
 
 5
 In February of 1989, RPS merged with Atlantic Ambulance Associates, Inc. ("AAA") pursuant to a plan approved by the Bankruptcy Court. On October 29, 1990, Travelers wrote Elwood Miller, President of AAA, notifying him of the possibility of receiving suit papers regarding Ms. Atkins' claim and instructing him to forward the suit papers promptly. Travelers sent a copy of the same letter to Herbert V. Kelly, Jr., Esq., the registered agent for AAA.
 
 
 6
 In November of that year, the original Motion for Judgment was amended so that AAA was substituted for RPS. On December 12, 1990 Mr. Kelly received Ms. Atkins' Amended Motion for Judgment. Mr. Kelly forwarded the papers to Mr. Miller on December 14, instructing him to mail the papers to the insurance carrier for RPS . Mr. Kelly admonished Mr. Miller that a response was due January 2, 1991. Mr. Miller forwarded the pleading to AAA's insurance broker, Greg Miller & Associates ("GMA").
 
 
 7
 Mr. Miller of AAA took no further action until Mr. Ronald Pearce, Ms. Atkins' attorney, contacted him. Mr. Miller communicated with GMA, who disclaimed receipt of the suit papers. Moreover, GMA indicated that AAA had no insurance through GMA that would provide coverage for Ms. Atkins' lawsuit.
 
 
 8
 Mr. Miller then decided to notify Travelers by phone on February 26, 1991. At the time Travelers was notified, default judgment had been entered against AAA and the time for appeal had lapsed. On January 23, 1991, Ms. Atkins had been awarded a default judgment of $250,000 against AAA in the Circuit Court of the City of Richmond, Manchester Courthouse. On March 5, 1991, Travelers wrote Mr. Miller of its intent to deny coverage for what it termed was a material breach for failure to send any suit papers immediately.
 
 
 9
 AAA filed for bankruptcy on June 12, 1991. AAA was subsequently dissolved and its assets were liquidated without satisfying the $250,000 default judgment.
 
 
 10
 On April 1, 1992, Ms. Atkins filed a bill of complaint for Declaratory Judgment against Travelers for $250,000. On April 20, 1992 defendant properly removed this case to federal court.
 
 
 11
 Provisions of the policy pertaining to the duty of the insured to cooperate with its insurance company are as follows:
 
 
 12
 A. YOUR DUTIES AFTER ACCIDENT OR LOSS.
 
 
 13
 1. You must promptly notify us or our agent of any accident or loss. You must tell us how, when and where the accident or loss happened. You must assist in obtaining the names and addresses of any injured persons and witnesses.
 
 
 14
 2. Additionally, you and other involved insureds must:
 
 
 15
 ...
 
 
 16
 b. Immediately send us copies of any notices or legal papers received in connection with the accident or loss .
 
 
 17
 Similar provisions are usually considered a condition precedent to recovery under the policy requiring substantial compliance by the insured. State Farm v. Porter, 221 Va. 592, 599, 272 S.E.2d 196, 200 (1980).
 
 
 18
 The district court granted summary judgment for Travelers on the ground that AAA materially breached the insurance agreement by failing to send the amended motion for judgment to Travelers.
 
 
 19
 Reviewing the grant of summary judgment de novo, United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992), we affirm the district court's declaration that Travelers is not liable for the payment of the default judgment. We reverse the district court's declaration voiding the insurance contract between RPS and Travelers.
 
 
 20
 * Virginia Code § 38.2-2204(C) provides in part:
 
 
 21
 If an insurer has actual notice of a motion for judgment or complaint having been served on an insured, the mere failure of the insured to turn the motion or complaint over to the insurer shall not be a defense to the insurer, nor void the endorsement or provision, nor in any way relieve the insurer of its obligations to the insured, provided the insured otherwise cooperates and in no way prejudices the insurer.
 
 
 22
 Travelers contends that this statute does not support Atkins' claim because the motion for judgment was never served on RPS. The district court made no definitive finding about service of process, but this omission is immaterial.
 
 
 23
 In Porter, 221 Va. at 598, 272 S.E.2d at 199, the Supreme Court of Virginia construed Va. Code § 38.1-381(a), which in pertinent respects was recodified as § 38.2-2204(C), on which Atkins relies. The Court wrote:
 
 
 24
 By Acts 1980, Chapter 331, Code § 38.1-381(al) was further amended by adding a provision that if an insurer has actual notice that a suit has been instituted against an insured, mere failure of the insured to deliver suit papers shall not defeat coverage under the policy if the insured otherwise cooperates and does not prejudice the insurer. (emphasis added).
 
 
 25
 In Virginia, "instituted" in the context of commencing a suit is a word of art. Rule 3.3 of the Supreme Court of Virginia provides: "An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto."
 
 
 26
 It is undisputed that Travelers had actual notice that the suit against its insured, RPS, had been instituted. Travelers investigated the claim and monitored the suit, which lay dormant because of RPS's bankruptcy. The bankruptcy of RPS did not affect coverage because Part VI(J) of the policy provides: "Bankruptcy or insolvency of the insured shall not relieve us of any obligations under this policy."
 
 
 27
 Applying § 38.2-2204(C) and Porter, we conclude that neither the alleged lack of service nor the failure to deliver the suit papers defeated coverage under the RPS policy. There remains, however, the question whether AAA's failure to notify Travelers of the amended motion for judgment defeated coverage pursuant tos 38.2-2204(C) which binds the insurer to coverage "provided the insured otherwise cooperates and in no way prejudices the insurer."
 
 II
 
 28
 Supreme Court of Virginia Rule 3:15 allows substitution of parties. The amended motion for judgment simply substituted AAA for RPS. The cause of action remained the same. The substitution of AAA did not add or detract from Travelers' duty to afford a defense and coverage under the RPS policy. AAA was not insured by Travelers, and AAA had no other insurance that covered the loss claimed by Atkins.
 
 
 29
 In addition to permitting a successor of a party to move for substitution, Rule 3:15 permits any party to move for substitution. Travelers knew about the merger of RPS and AAA and that AAA was the successor of RPS. It could have moved in AAA's name for substitution pursuant to Rule 3:15. It had no need to wait for AAA to notify it of the substitution. Although Travelers knew that an action had been instituted against its insured, RPS, to whom it owed defense and coverage, it discontinued monitoring the action and closed its file while the action was pending.
 
 
 30
 Neither statute nor judicial precedent in Virginia provides that failure to give notice of substitution of parties relieves an insurer of its duty to afford a defense and coverage. We conclude that since Travelers had actual notice that an action had been instituted against its insured, RPS, the failure of AAA to give notice that it had been substituted for RPS did not exonerate Travelers from its duty to provide a defense and coverage under the RPS policy.
 
 III
 
 31
 While Va. Code § 38.2-2204(C) as construed by Porter, 221 Va. at 598, 272 S.E.2d at 199, precludes Travelers from denying coverage under the RPS policy, the statute does not impose liability on Travelers for a default judgment which it had no opportunity to challenge. Consequently, the district court properly declared that Travelers was not liable to Atkins for the $250,000 default judgment against AAA.
 
 
 32
 For reasons stated in Parts I and II of this opinion, the district court erred in declaring that failure of AAA to give notice of the amended motion disclosing substitution "voids the contract between Travelers and RPS or AAA." To repeat, Virginia Code § 38.2-2204(C) and Porter, 221 Va. at 598, 272 S.E.2d at 199, establish that Travelers is obliged to furnish a defense and coverage under the RPS policy. Failure of AAA to give notice of the substitution of parties did not exonerate Travelers from this obligation.
 
 AFFIRMED IN PART; REVERSED IN PART