52 F.3d 320
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 The AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellee,
v.
Samantha Leigh-Mae JETT; Kimberly M. Jett; Bruce E. Jett,
Defendants-Appellants,
LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant-Appellee,
and
Helen BALLARD, Defendant.
 No. 94-1597.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 4, 1995.
Decided: April 25, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-93-845-R)
 Sylvia Clute, Richmond, VA; Darla B. Tarletz, Richmond, VA, for Appellants. Henry H. McVey, III, H. Carter Redd, MCGuire, Woods, Battle & Boothe, Richmond, VA; H. Aubrey Ford, III, Colleen Marea Quinn, Russell, Cantor, Arkema & Edmonds, P.C., Richmond, VA, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Samantha Leigh-Mae Jett, Kimberly M. Jett, and Bruce E. Jett filed a motion for judgment in a Virginia court alleging that Helen Ballard was negligent in her supervision of Samantha, her granddaughter, and as a result of the negligence Sidney Ballard, Helen's husband, sexually molested Samantha over a period of several months. The Aetna Casualty and Surety Company (Aetna), and Lumbermens Mutual Casualty Company (Lumbermens), provided the Ballards with homeowners insurance during the period in question. Several months after the state action was filed, Aetna initiated this diversity action seeking a declaratory judgment that it had no duty to defend or indemnify Helen Ballard. Lumbermens filed a counterclaim and crossclaim seeking the same relief. The district court granted the insurers summary judgment, holding that Ballard did not provide timely notice of the occurrence, as required under the policies.
 
 
 2
 On appeal, the Jetts argue the following: (1) the district court applied state law incorrectly in determining the timeliness of notice to the insured; (2) issues of fact precluded entry of summary judgment; (3) a Virginia statute, Va.Code Ann. Sec. 38.2-2226 (Michie 1994), prevents Lumbermens from asserting the defense of untimely notice. We have previously granted the Jetts's unopposed motion to submit this case on briefs, without oral argument. We affirm the district court's judgment.
 
 
 3
 * We review the district court's grant of summary judgment de novo. Roe v. Doe, 28 F.3d 404, 406 (4th Cir.1994). Summary judgment is appropriate when there is no genuine issue of material fact that could lead the trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In evaluating the evidence, we must draw all reasonable inferences for the appellant. Roe, 28 F.3d at 407.
 
 II
 
 4
 The Jetts assert that the district court erred by applying a wholly objective standard to evaluate Ballard's timeliness. They contend that, under Virginia law, all the circumstances must be assessed in judging timeliness.
 
 
 5
 Both policies required written notice to the company as soon as practicable after an accident or occurrence which could implicate the policy. An insured's interpretation of policy language requiring prompt notice must be objectively reasonable, and is not justified by a purely subjective conclusion that coverage is not implicated. Dan River, Inc. v. Commercial Union Ins. Co., 317 S.E.2d 485, 487 (Va.1984). "An 'occurrence' which gives rise to a duty of notice to an insurance company means an 'incident which was sufficiently serious to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages covered by[the] policy.' " State Farm Fire & Cas. Co. v. Walton, 423 S.E.2d 188, 192 (Va.1992) (quoting Black's Law Dictionary 1080 (6th ed.1990)). The court in Walton held that a seventeen-year old high school student was a person of ordinary intelligence and prudence, whose duty to give notice arose long before a claim was filed against him. Id. A delay of over two years in complying with the policy's notice requirement was held, as a matter of law, to be a substantial and material violation of the policy even without a showing of prejudice to the company. Id. In this case, the district court looked at all the circumstances, including the facts that were actually known to Helen Ballard, and concluded as a matter of law that her delay of over two years from her discovery of the molestation before finally giving Aetna notice was unreasonable delay.* The court's rejection of the claim that her duty to notify arose at the time she learned that an action would be filed against her is in accordance with the Virginia Supreme Court's decision in Walton. Therefore, this claim is without merit.
 
 III
 
 6
 The Jetts argue that material issues of fact preclude the entry of summary judgment. They contend that genuine issues of material fact exist as to prejudice to the insurers from delay in notice, and whether Helen Ballard colluded with the Jetts to impede her defense and provide evidence of her culpability. The issue of the reasonableness of a delayed notice can be decided as a matter of law where reasonable men could not differ as to the inferences to be drawn from the undisputed facts. North River Ins. Co. v. Gourdine, 135 S.E.2d 120, 124 (Va.1964); see Norfolk & W.R. Co. v. Accident & Casualty Ins. Co., 796 F.Supp. 925, 928 (W.D.Va.1992).
 
 
 7
 An insurer is not required to demonstrate prejudice from the lack or delay of notice; however, the presence or absence of prejudice is a circumstance to be weighed in considering whether the violation of the notice requirement is substantial and material. State Farm Mut. Auto. Ins. Co. v. Porter, 272 S.E.2d 196, 199 (Va.1980). Here, the prejudice to the insurers caused by the delay is considerable, in view of Helen Ballard's cooperation with the Jetts and the evidence and testimony she freely gave, without benefit of counsel, which would likely make up the bulk of the Jetts' case against her. The undisputed facts on this issue justify the district court's consideration of prejudice as one element in the totality of circumstances to be considered in evaluating whether the delay was unreasonable.
 
 
 8
 The Jetts are mistaken in arguing that the decision below depended on a finding of collusion. The crux of the district court's opinion is
 
 
 9
 that Helen Ballard's duty to notify the insurers arose in 1991, when she became aware of the claims against Sidney Ballard. The court then noted that the insurers were severely prejudiced by the delay, particularly because of Ballard's "repeated cooperative contacts with the claimants and their lawyers." This statement, supported by the record, does not amount to a finding of "collusion," nor is it a resolution of a disputed issue of fact.
 
 IV
 
 10
 The Jetts argue that Lumbermens is barred from asserting untimely notice as a defense to coverage, under Va.Code Ann. Sec. 38.2-2226. That statute provides in pertinent part:
 
 
 11
 Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured and the insurer intends to rely on the breach in defense of liability for any claim within the terms of the policy, the insurer shall notify the claimant or the claimant's counsel of record of its intention to rely on the breach as a defense. Notification shall be given within twenty days after discovery by the insurer or any of its agents of the breach or of the claim, whichever is later.
 
 
 12
 We agree with the district court's interpretation of that statute, which is in accordance with the state court's holding in Liberty Mut. Ins. Co. v. Safeco Ins. Co., 288 S.E.2d 469 (Va.1982). Therefore, Lumbermens is not barred from asserting its defense.
 
 
 13
 We affirm the district court's grant of summary judgment to both Aetna and Lumbermens and against the Jetts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Ballard never personally gave notice to Lumbermens