Present:  Carrico, C.J., Compton,[1] Lacy, Keenan, Koontz and
Kinser, JJ.

LOU ANN CRAIG, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JOSE SALVADORE ANTONIO

v. Record No. 991043  OPINION BY JUSTICE CYNTHIA D. KINSER
                                          March 3, 2000
ROBERT GLENN DYE, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael Patrick McWeeney, Judge


    In this appeal, we construe a personal liability
umbrella insurance policy provision stating that the
insurer may not provide coverage if an insured "refuse[s]"
to perform certain required duties.  Because the insureds
in this case merely failed to perform those duties but did
not refuse to do so, we will reverse the circuit court's
judgment in favor of the insurance company.

                    FACTS AND PROCEEDINGS

    Robert V. Dye (the father), and his wife, Mary L. Dye
(collectively, the parents), were the named insureds of a
personal liability umbrella insurance policy (the policy),
issued by State Farm Fire and Casualty Company (State
Farm).  Their son, Robert Glenn Dye (the son), was a

---

    [1] Justice Compton participated in the hearing and
decision of this case prior to the effective date of his
retirement on February 2, 2000.

resident of their household, and thus was also an insured under the policy.

The son was the driver of a vehicle that allegedly struck and killed Jose Salvadore Antonio on April 1, 1995. Lou Ann Craig, personal representative of Antonio's estate, filed this declaratory judgment action in the circuit court, seeking a declaration, <u>inter alia</u>, that the son is covered under the policy with regard to that accident.[2]

State Farm denied coverage to the son because of the insureds' alleged failure to timely comply with the following policy provision contained in the section titled "YOUR DUTIES TO US":

> These are things you[3] must do for us. We may not provide coverage if you refuse to:
>
> 1.  notify us of an accident. If something happens that might involve this policy, you must let us know promptly. Send written notice to us or our agent. Include the names and addresses of the injured and witnesses. Also include the time, place and account of the accident.[4]

---

[2] Prior to filing this action, Craig, in her capacity as personal representative of Antonio's estate, filed a wrongful death action against the son.

[3] The policy provides that the terms "you" and "your" refer to the named insureds, as well as the named insureds' relatives who are residents of the named insureds' household.

[4] In this opinion, we will refer to this provision as "paragraph 1."

State Farm first received notice of the 1995 accident from the father on April 10 or 11, 1997, more than two years after the accident occurred.  In a letter to State Farm, the father stated that the parents "never had the slightest idea" that the policy would cover the son.  The father further advised State Farm that he delivered a letter from an attorney representing Antonio's estate to State Farm's agent as soon as the father received the letter.  The father got that letter at the same time Antonio's estate filed the wrongful death action against the son.  That is also when the father first learned that the policy might extend coverage to the son with regard to the 1995 accident.

Soon thereafter, State Farm sent a reservation of rights letter to the parents, stating that "delay by or on behalf of the insured in giving prompt, written notice . . . concerning the accident" may have violated the conditions of the policy.  State Farm had no contact with the son prior to sending that letter.

After State Farm answered the declaratory judgment action, Craig filed a motion for partial summary judgment.[5]

---

[5] In her motion, Craig stated that she sought a judgment with regard to State Farm's notice defense.  She acknowledged that State Farm has additional defenses and

3

State Farm responded by filing a motion for summary judgment based upon the allegedly untimely notice of the accident. After considering stipulated facts, the parties' memoranda, and oral argument, the trial court denied Craig's motion but granted State Farm's motion. The court concluded that the son "is not covered under State Farm's Umbrella Policy and there is no coverage applicable to [the son] under the policy in question for failure to provide timely notice . . . ." This appeal followed.

ANALYSIS

We review the decision of the trial court under well-settled principles. "An insurance policy is a contract, and, as in the case of any other contract, the words used are given their ordinary and customary meaning when they are susceptible of such construction." Hill v. State Farm Mut. Auto. Ins. Co., 237 Va. 148, 152, 375 S.E.2d 727, 729 (1989). Similarly, "[i]f the language of an insurance policy is unambiguous, we will give the words their ordinary meaning and enforce the policy as written." United Services Auto. Ass'n v. Webb, 235 Va. 655, 657, 369 S.E.2d 196, 198 (1988). Finally, "[s]ince the interpretation of a contract is a question of law, we are

_____

that those would be addressed in a subsequent motion for partial summary judgment.

4

not bound by the trial court's conclusions on this issue, and we are permitted the same opportunity as the trial court to consider the contract language." C.F. Garcia Enterprises, Inc. v. Enterprise Ford Tractor, Inc., 253 Va. 104, 107, 480 S.E.2d 497, 498-99 (1997) (citing Langman v. Alumni Ass'n of the Univ. of Virginia, 247 Va. 491, 498, 442 S.E.2d 669, 674 (1994); Wilson v. Holyfield, 227 Va. 184, 187-88, 313 S.E.2d 396, 398 (1984)).

On appeal, State Farm argues that timely notice of an accident is a condition precedent to an insurance company's obligation to provide coverage, and that an insured must therefore substantially comply with an insurance policy's notice requirements. Thus, State Farm contends that, in this case, the insureds' failure to timely perform the duties listed in paragraph 1 warrants State Farm's denial of coverage to the son. The cases cited by State Farm in support of its position involved insurance policies that contained a common provision mandating that in the event of an accident, "written notice . . . shall be given . . . to the company or any of its authorized agents as soon as practicable." State Farm Fire and Cas. Co. v. Scott, 236 Va. 116, 119, 372 S.E.2d 383, 384 (1988); accord Liberty Mut. Ins. Co. v. Safeco Ins. Co. of America, 223 Va. 317, 323, 288 S.E.2d 469, 473 (1982); Lord v. State Farm Mut.

Auto. Ins. Co., 224 Va. 283, 285-86, 295 S.E.2d 796, 798 (1982); State Farm Mut. Auto. Ins. Co. v. Porter, 221 Va. 592, 596, 272 S.E.2d 196, 198 (1980).[6]  We held that compliance with such a notice provision is a condition precedent to coverage, with which the insured must substantially comply.  Scott, 236 Va. at 120, 372 S.E.2d at 385.

However, those cases are not dispositive of the question before us because there is an important difference between the language utilized in the notice provision found in those insurance policies and the terms of the provision at issue in the present case.  The instant policy, like those in the cases cited by State Farm, requires the insureds to perform certain duties, such as notifying State Farm of an accident and sending written notice.  However, in contrast to the notice provision in those other policies, the policy at issue today specifically states that if the insureds "refuse" to perform the duties contained in paragraph 1, State Farm may not provide coverage.  A similar provision incorporating the term

---

[6] Similar language also appears in the policies at issue in State Farm Fire and Cas. Co. v. Walton, 244 Va. 498, 503, 423 S.E.2d 188, 191 (1992), and Dan River, Inc. v. Commercial Union Ins. Co., 227 Va. 485, 489, 317 S.E.2d 485, 487 (1984), two other cases upon which State Farm relies.

"refuse" in conjunction with an insured's duties to the insurance company does not appear in those other policies.

Furthermore, we find it significant that, in the provision at issue, State Farm used only the verb "refuse" and did not include the verb "fail." In other words, the policy does not state that if an insured refuses or fails to perform the required duties, State Farm may deny coverage. State Farm acknowledged that there is no evidence in the record of a "refusal" by the parents or the son to perform the duties required of them. Thus, unless the terms "refuse" and "fail" are synonymous, the insureds' failure in this case to perform the duties in paragraph 1 would not justify State Farm's denial of coverage to the son.

To answer this inquiry, we look to the definitions of these terms. Since the policy does not define the term "refuse," we give the word its "ordinary and accepted meaning." Scottsdale Ins. Co. v. Glick, 240 Va. 283, 288, 397 S.E.2d 105, 108 (1990). The verb "refuse" is defined as a "positive unwillingness to do or comply with" something demanded or expected. Webster's Third New International Dictionary 1910 (1993). A "refusal" is "[t]he denial or rejection of something offered or demanded." Black's Law Dictionary 1285 (7th ed. 1999).

These definitions denote an element of intent, manifested by a volitional act.  See Meeks v. Stevens, 785 S.W.2d 18, 20 (Ark. 1990) (noting that definitions of term "'refuse' stress the active element of refusal[,] . . . expressing . . . a determination not to do a particular thing"); Nebraska v. Medina, 419 N.W.2d 864, 867 (Neb. 1988) ("'To refuse[]' . . . requires that a person understand what is being asked of him and then in some way manifest nonacceptance, nonconsent, or unwillingness.").

By comparison, to "fail" to do some act denotes a deficiency; and a "failure" is "[a]n omission of an expected action . . . or performance[,]" Black's Law Dictionary 613, or the neglect of an assigned or expected action, Webster's Third New International Dictionary 815. See Laubach v. Franklin Square Hosp., 556 A.2d 682, 690 n.11 (Md. Ct. Spec. App. 1989), aff'd, 569 A.2d 693 (1990) (distinguishing "[f]ailed" from "refused" on basis that "refused" "involves an act of the will," while "[f]ailed" may be "an act of inevitable necessity") (quoting Black's Law Dictionary 1152-53 (5th ed. 1979)).

Based on the distinction between the terms "refuse" and "fail," we conclude that State Farm's attempt to equate the insureds' failure to timely comply with the requirements of paragraph 1 with a refusal to do so does

8

not comport with the ordinary and customary meaning of the term "refuse."  Thus, the insureds' mere failure to timely perform the duties was not a refusal to do so and, therefore, did not trigger State Farm's option to deny coverage to the son.[7]

We are also not persuaded by State Farm's argument that the phrase "if you refuse to:" applies only to the duty immediately listed thereafter, i.e., "notify us of an accident."  According to State Farm, the other requirements in paragraph 1 are separate duties of the insured that are not modified by that phase.  However, the phrase "if you refuse to:" introduces and precedes all the duties listed

---

[7] In four of this Court's prior cases, Angstadt v. Atlantic Mut. Ins. Co., 254 Va. 286, 292-93, 492 S.E.2d 118, 121-22 (1997); State Farm Mut. Auto. Ins. Co. v. Davies, 226 Va. 310, 319, 310 S.E.2d 167, 172 (1983), Cooper v. Employers Mut. Liab. Ins. Co. of Wisc., 199 Va. 908, 915, 103 S.E.2d 210, 215 (1958), and State Farm Mut. Auto. Ins. Co. v. Arghyris, 189 Va. 913, 929-30, 55 S.E.2d 16, 23 (1949), we discussed an insured's willful failure to cooperate with the insurer.  Also, in Porter, we concluded that the insured willfully violated several policy provisions, including the notice and cooperation requirements.  221 Va. at 599, 272 S.E.2d at 200.  However, the policies in those cases did not contain any language referring to an insured's refusal to perform certain duties while the instant policy contains such language.  Thus, the Court did not discuss whether a "willful failure" to perform a particular duty was comparable to a "refusal" to perform that duty.  Therefore, none of those cases guide our decision today.

in paragraph 1.[8]  <u>See</u> Webster's Third New International Dictionary 47a (colon "indicates that what follows it coordinates with some element of what precedes" it); <u>see also</u> H.W. Fowler, A Dictionary of Modern English Usage 589 (Sir Ernest Gowers ed., 2d ed. 1996); Thomas S. Kane, The New Oxford Guide to Writing 144, 282 (1988).  Thus, we conclude that the phrase modifies, and applies to, all those duties.

Accordingly, we conclude that the policy requires a "refusal" to perform the duties listed in paragraph 1, not merely a negligent delay or failure to do so, before State Farm can deny coverage.  For these reasons, we will reverse the judgment of the circuit court, enter partial final judgment for Craig on the basis that the insureds did not "refuse" to perform their duties to State Farm, and remand for such further proceedings as are necessary.  <u>See</u> note 5, <u>supra</u>.

<u>Reversed and remanded</u>.

---

[8] The phrase precedes not only paragraph 1 but also several other enumerated paragraphs that list additional duties of the insureds.  However, those duties are not at issue in this appeal.