PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Lemons, JJ., and Compton, S.J.

LEE COUNTY

v.  Record No. 012543   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                  September 13, 2002
TOWN OF ST. CHARLES

                    FROM THE CIRCUIT COURT OF LEE COUNTY
                          Ford C. Quillen, Judge


     In this appeal, we consider whether the trial court erred

in ruling that a board member of a water and sewer authority

must reside within the authority's service area to be qualified

to hold that office.

     In 1967, Lee County (the County) and the Town of St.

Charles (the Town) entered into a joint resolution to create the

St. Charles Water and Sewer Authority (the Authority) to provide

water and sewer services to the residents of a designated

service area.  In the joint resolution, the County and the Town

appointed five members to the Authority's Board of Directors

(the Board).  However, the joint resolution and the Authority's

articles of incorporation and by-laws were silent concerning

qualification requirements for future Board members.

     In 1992, the Town filed a declaratory judgment action

against the County to determine the respective rights of the two

entities to appoint members to the Board.  In 1997, the trial

court entered an order declaring that the Town and the County

each have the right to appoint two members to the Board and that the fifth board member shall be appointed jointly by the Town and the County. The court did not address the issue whether members of the Board must reside within the Authority's service area.[1]

The present litigation began after Nell Stewart, who was serving as the joint appointee on the Board, moved her residence from St. Charles to Pennington Gap. Although Stewart's new residence is located within the County, that residence is outside the Authority's service area.

The Town Council voted to remove Stewart from the Board and to appoint a new member as her replacement. The Town requested that the County also act to remove Stewart from the Board and to designate its choice for a joint appointee to replace her. The County, by vote of its board of supervisors, refused the Town's request.

The Town filed the present declaratory judgment action against the County, asking that the trial court determine, among other things, the qualification requirements for membership on the Board. After hearing argument of counsel, the court held that all Board members must be residents of the Authority's service area. In explaining its decision, the court stated:

---

[1] These rulings were made by the Honorable James C. Roberson.

2

> This [residency] requirement makes sense in that a member of [the Authority], in effect, represents all the people within the service area of the Authority. Therefore, to properly represent the citizens of the service area, that member should be a resident of the defined service area of the Authority. Without this requirement, a person could live in another area of the county (or even in another county or state) served by a different water and sewer authority and yet make decisions which directly affect the lives of the citizens served by [the Authority].

The trial court disqualified Stewart from membership on the Board and directed the Town and the County to appoint jointly a replacement member who met this residency requirement. The County appeals from this judgment.

The County argues that the trial court erred in imposing a service area residency requirement for Board membership and notes that Code § 15.2-5113(A), which addresses the selection of board members of a water and sewer authority, does not specify such a requirement. The County observes that numerous other statutes impose a residency requirement for appointment to various offices, boards, and commissions in the Commonwealth. Therefore, the County argues, had the General Assembly intended that all board members of a water and sewer authority be residents of that authority's service area, the General Assembly would have expressly stated such a requirement. The County also notes that the joint resolution establishing the Authority, as

well as its articles of incorporation and by-laws, do not contain a residency requirement for all Board members.

In response, the Town argues that Code § 15.2-5113(A) does not prohibit the imposition of a residency requirement, and that a residency requirement can be inferred from the fact that the joint resolution establishing the Authority named as Board members individuals who were all residents of the Authority's service area. The Town also notes that from the date the Authority was created until the date Stewart moved to Pennington Gap, all Board members had been residents of the Authority's service area. Finally, the Town argues that the trial court's 1997 order implicitly established a residency requirement for the fifth Board member by requiring that this member be appointed jointly by the County and the Town. We disagree with the Town's arguments.

In our review of the trial court's judgment, we first observe that the trial court's legal conclusions are not binding on this Court, and we are accorded the same opportunity as the trial court to consider the issue of law presented. See Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002); Craig v. Dye, 259 Va. 533, 537, 526 S.E.2d 9, 11 (2000). This issue of law is resolved by our examination of Code § 15.2-5113(A).

4

Under basic principles of statutory construction, we consider all relevant provisions of a statute and do not isolate particular words or phrases.  Industrial Dev. Auth. v. Board of Supervisors, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002); Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001).  When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language.  Industrial Dev. Auth., 263 Va. at 353, 559 S.E.2d at 623; Shelor Motor Co. v. Miller, 261 Va. 473, 479, 544 S.E.2d 345, 348 (2001).  Thus, when the General Assembly has used words that have a plain meaning, courts cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which it actually expressed.  Vaughn, Inc. v. Beck, 262 Va. 673, 677, 554 S.E.2d 88, 90 (2001); Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001).

Code § 15.2-5113(A) provides, in relevant part:

> The powers of each authority created by the governing bodies of two or more localities shall be exercised by the number of authority board members specified in its articles of incorporation, which shall be not less than one member from each participating locality and not less than a total of five members.  The board members of an authority shall be selected in the manner and for the terms provided by the agreement . . . or concurrent ordinances or resolutions creating the authority.

5

We conclude that this statutory language is plain and unambiguous.  That language provides for the selection of board members of a water and sewer authority and requires that at least one person from each participating locality be included among the appointees to such an authority board.  However, compliance with this requirement is not an issue here because the Town does not argue, and the record does not show, that Nell Stewart was the sole resident from the Town serving on the Board.

The above requirement is the sole restriction contained in Code § 15.2-5113(A) concerning the residence of water and sewer authority board members.  Moreover, contrary to the trial court's interpretation, the statute does not require that each person appointed by a locality to a water and sewer authority board reside within that authority's service area.  When the General Assembly has intended to impose a residency requirement for service on boards, authorities, and commissions in the Commonwealth, it has done so explicitly.  See, e.g., Code § 15.2-4203(B) (establishing residency requirement for certain members of planning district commissions); Code § 15.2-4904(C) (mandating residency requirement for directors of industrial development authorities); Code § 15.2-5204 (providing that members of hospital or health center commissions be residents of political subdivisions they represent); Code § 15.2-6403(A)

6

(requiring that board members of regional industrial facilities authorities be residents of appointing member locality).

Finally, we note that the 1997 order entered by Judge Roberson did not address the issue of a residency requirement for Board members.  Nor did the provision in that order for the joint appointment of one Board member implicitly impose any residency requirement for that member, because the record does not show that the Town's appointment power is restricted to the selection of residents from the Authority's service area.  Thus, we hold that the trial court erred in imposing a service area residency requirement for all appointments to the Board and in concluding that Nell Stewart is disqualified from serving on the Board because she resides outside the Authority's service area.[2]

For these reasons, we will reverse the trial court's judgment and enter final judgment declaring that there is no requirement that every Board member be a resident of the Authority's service area and, thus, that Nell Stewart is not disqualified from serving on the Board based on her place of residence and she is entitled to remain in office for the duration of her present term.

---

[2] We need not address the issue whether the County and the Town had the power to impose a residency requirement for the appointment of all Board members.  The joint resolution establishing the Authority, the Authority's articles of incorporation, and its by-laws do not provide such a requirement.

Reversed and final judgment.